IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

IN RE:

MEDIMAGING TECHNOLOGY, INC., STANDARD MEDICAL IMAGING, INC. AND E.M. PARKER CO., INC.

Debtors.

CIVIL NO.: WDQ-04-4057
BANKRUPTCY NOS.: 02-5-8062-JS through 02-5-8064-JS (Jointly Administered Under 02-5-8062-JS)

* * * * * * *

GE COMMERCIAL DISTRIBUTION FINANCE CORPORATION f/k/a DEUTSCHE FINANCIAL SERVICES CORPORATION,

Plaintiff,

v.

HOLOGIC, INC.,

Defendant.

* * * * * * * * * * * * *

MEMORANDUM OPINION AND ORDER

GE Commercial Distribution Finance Corporation, formerly known as Deutsche Financial Services Corporation, ("GECDF") has sued Hologic, Inc. ("Hologic") pursuant to 11 U.S.C. §§ 542, 547, 548, 550, and 553. Hologic has counterclaimed for, *inter alia,* breach of contract under Maryland law and violation of Massachusetts General Laws Chapter 93A. Pending is GECDF's motion to dismiss the Counterclaim and Hologic's motion for summary judgment on the Complaint. For the following reasons GECDF's motion to dismiss will be granted as to Count III and

denied as to Counts I, II and IV.  Hologic's motion for summary judgment will be denied.

I.  Background

MedImaging Technology ("MedImaging") and its wholly owned subsidiaries, Standard Medical Imaging, Inc. ("SMI") and E.M. Parker Company, Inc. ("EMP")(collectively the "Debtors"), were Maryland based distributors of medical imaging equipment and accessories.  Counterclaim, ¶ 3.  Hologic, a manufacturer of radiography and mammography equipment based in Massachusetts, supplied MedImaging with inventory, equipment and parts.  Complaint, ¶ 8.  GECDF was MedImaging's primary secured creditor.  Def. Mot. for Summary Judgment, p. 4.

In 2002, MedImaging defaulted on obligations to Hologic, including the payment of invoices as they came due.  Counterclaim, ¶ 3.  Hologic agreed to continue supplying MedImaging pursuant to their April 17, 2002 agreement (the "Letter Agreement") by which Hologic agreed to continue supplying MedImaging in return for payment of certain unpaid invoices.  Complaint, ¶ 9-12.

On May 17, 2002 the debtors sought protection in the United States Bankruptcy Court for the District of Maryland (the "Bankruptcy Court").  Pursuant to the reorganization plan (the "Plan") confirmed by the Bankruptcy Court on February 4, 2004,

all avoidance actions were transferred to GECDF. Complaint, ¶ 3.

On February 27, 2004, GECDF sued Hologic to: 1) avoid preferential transfers from MedImaging to Hologic pursuant to 11 U.S.C. § 547; 2) recover improper set-offs pursuant to 11 U.S.C. § 553; 3) recover the property of the estate; 4) avoid fraudulent transfers from MedImaging to Hologic pursuant to 11 U.S.C. § 548; and 5) recover avoidable transfers pursuant to 11 U.S.C. 550.

Hologic counterclaimed, alleging that the Letter Agreement was between Hologic and GECDF and that GECDF's suit to avoid payments made to Hologic pursuant to the agreement constituted: 1) a breach of GECDF's duty to act in good faith; 2) breach of contract; 3) unjust enrichment of GECDF; and 4) violated Massachusetts General Law Chapter 93A.

GECDF has moved for judgment on the pleadings on Hologic's counterclaims under Federal Rule of Civil Procedure 12(c). Hologic has moved for summary judgment on GECDF's complaint under Rule 56(c).

## II. Analysis

### A. GECDF's Motion for Judgment on the Pleadings

Under Rule 12(c), any party may move for judgment on the pleadings after the pleadings are closed. A motion for judgment under Rule 12(c) will be evaluated under the Rule 12(b)(6) standard. *Burbach Broadcasting Company v. Elkins Radio*

*Corporation,* 278 F.3d 401,405-406 (4th Cir. 2002); *Edwards,* 178 F.3d at 243; *Motise v. America Online, Inc.* 2005 WL 1667658 (E.D.Va. 2005).

Under Rule 12(b)(6), a claim should be dismissed “only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.” *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002), (*citing Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). All facts alleged in the complaint are assumed to be true and the Court will draw all reasonable inferences in favor of the plaintiff. *Volvo Construction Equipment North America v. CLN Equipment Company,* 386 F.3d 581, 591 (4th Cir. 2004); *Elkins,* 278 F.3d at 406; *Motise,* 2005 WL 1667658.

1. Counts I and II

In Counts I and II, Hologic alleges that GECDF offered to pay Hologic’s unpaid invoices if Hologic continued supplying MedImaging. Hologic contends that this agreement was codified in the Letter Agreement which GECDF directed MedImaging to execute. GECDF argues that Hologic and GECDF never entered into a contract, and therefore Count I and II of the Counterclaim should be dismissed.

Under Maryland law, one may be bound by a contract that one

did not sign when there is evidence that the nonsignatory intended to be bound. *Whitmore v. Hawkins,* 217 F.3d 843, slip op. at 4 (4th Cir. 2000); *Porter v. General Boiler Casing Co.,* 396 A.2d 1090 (Md. 1979); *Residential Warranty Corp. v. Bancroft Homes Greenspring Valley, Inc.,* 728 A.2d 783, 794 (Md. Ct. Spec. App. 1999).

Hologic argues that GECDF demonstrated its intent to be bound when it: 1) induced Hologic to enter into the Letter Agreement; 2) negotiated the agreement; 3) directed MedImaging to execute the agreement; and 4) transferred funds to Hologic pursuant to the agreement. Presumed to be true, these allegations establish a contract between GECDF and Hologic. Accordingly, GECDF is not entitled to judgment on the pleadings as to Counts I and II.

Hologic also alleges that MedImaging was controlled by GECDF when MedImaging signed the Letter Agreement. If so, MedImaging may be considered an agent that bound GECDF by the agreement. *Homa v. Friendly Mobile Manor, Inc.*, 93 Md.App. 337 (Md. Ct. Spec. App. 1992); *Progressive Casualty Insurance Co. v. Earhardt,* 69 Md. App. 431 (Md. Ct. Spec. App. 1986).

2. Count III

In Count III of its Counterclaim Hologic argues that absent

a contract between GECDF and Hologic, GECDF breached a “quasi-contract” between the parties and has been unjustly enriched. GECDF denies a quasi-contract and maintains that an unjust enrichment action cannot be brought against a secured lender under Article 9 of the Uniform Commercial Code.

A claim for unjust enrichment provides relief for a plaintiff when fairness dictates that the plaintiff receive compensation for services provided, but an enforceable contract does not exist. *Dunnaville v. McCormick & Co.,* 21 F.Supp.2d 527 (D.Md. 1998). An unjust enrichment claim requires: 1) a benefit conferred upon the defendant; 2) the defendant’s appreciation or knowledge of the benefit; and 3) the defendant’s acceptance or retention of the benefit under circumstances in which nonpayment would be inequitable. *Dunnaville,* 21 F.Supp.2d at 535; *Mass Transit Administration v. Granite Construction Company,* 57 Md.App. 766 (1984).

Hologic alleges that: 1) GECDF’s investment in MedImaging would have suffered if Hologic had not signed the Letter Agreement; 2) GECDF was aware of this danger and benefitted from the letter agreement; and 3) allowing GECDF to avoid the transfers to Hologic (and thereby retain the benefit without payment) would be inequitable. Assuming Hologic’s allegations are true, it has stated a claim for unjust enrichment. The issue remains whether a claim for unjust enrichment may be brought by

an unsecured creditor against a secured creditor.

The Fourth Circuit has barred unjust enrichment claims against secured lenders because the UCC would be impaired if interests created under the UCC could be defeated by unjust enrichment claims. *Federal Savings and Loan Insurance Corporation v. Quality Hotels and Resorts,* 928 F.2d 399, *3, slip op. (4th Cir. 1991); *see also Peerless Packing Co. v. Malone & Hyde,* 180 W.Va. 267 (W.Va. 1988). As a secured creditor, GECDF is entitled to judgment on Count III.

3. Count IV

In Count IV of its Counterclaim, Hologic alleges that GECDF's conduct constituted an unfair practice under Massachusetts General Law Chapter 93A, §§ 2 and 11. GECDF contends that Hologic has failed to allege: 1) a connection to Massachusetts; and 2) a business or contractual relationship between the parties.

Chapter 93A provides a cause of action for businesses that suffer a loss as a result of "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Massachusetts General Law, Chapter 93A, §§ 2,11. In determining whether a business practice violates Chapter 93A, a court reviews:

> (1) whether the practice...is within at least the penumbra of some common-law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers (or competitors or other businessmen).

*PMP Assocs., Inc. v. Globe Newspaper Co.*, 366 Mass. 593, 596 (Mass. 1975).

a. Connection to Massachusetts

Chapter 93A, § 11 requires that the unfair or deceptive act occur "primarily and substantially" within the Commonwealth. The burden of proof is on the party claiming that the action did not occur in Massachusetts. *Id.* Whether the transactions constituting the § 11 claim occurred primarily and substantially within the commonwealth is fact intensive and unique to each case. *Kuwaiti Danish Computer Co. v. Digital Equipment Corp.,* 781 N.E.2d 787, 799 (Mass. 2003). "After making findings of fact...[the court should] determine whether the center of gravity of the circumstances that give rise to the claim is primarily and substantially within the Commonwealth." *Id.* Given the nature of the determination, several Massachusetts courts have held that a challenge to standing under 93A cannot be resolved on a Rule 12 motion. *Bliss Valley Properties, LC v. Eliopulos*, 2005 WL 1683749 (Mass. Super. 2005); *Welch Foods, Inc. v. Liberty Mut.*

*Fire Ins. Co.*, 2005 WL 1131747, (Mass.Super. 2005); *Young v. Deloitte & Touche, LLP*, 2004 WL 2341344, (Mass.Super. 2004).

As Hologic has alleged that the transactions occurred within the Commonwealth, the burden is on GECDF to offer sufficient evidence that the "center of gravity of the circumstances that give rise to the claim" is not substantially within the Commonwealth. GECDF's bare assertions that Massachusetts law does not apply are insufficient to bar Hologic's claim as a matter of law.

b. Business Relationship Between the Parties

Chapter 93A is intended to protect against unfair and deceptive practices in trade, not unfair practices in general. *L.B. Corporation v. Schweitzer-Mauduit International,* 121 F. Supp.2d 147, 152 (D.Mass. 2000). Therefore, a plaintiff must allege some sort of transaction between the parties for liability to attach. *Id; see also Boyd v. Boston Gas Company,* 775 F.Supp. 435 (D.Mass. 1991). "Parties need not be in privity of contract so long as they are engaged in more than a minor or insignificant business relationship." *Schweitzer-Mauduit,* 121 F.Supp.2d at 152; *see also Boyd,* 775 F.Supp. at 440; *Cash Energy Inc. v. Weiner,* 768 F.Supp. 892, 894 (D.Mass. 1991).

Hologic alleges that GECDF was effectively in control of MedImaging when Hologic entered into the Letter Agreement.

Therefore, Hologic argues, it was transacting with GECDF. Assuming this to be true, Hologic's agreement to continue supplying MedImaging satisfies Chapter 93A's requirement that the parties be engaged in "more than a minor or insignificant business relationship." Accordingly, GECDF's motion to dismiss Count IV will be denied.

B.  Hologic's Motion for Summary Judgment

Under Rule 56(c), summary judgment is appropriate when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). A dispute of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In considering a motion for summary judgment, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249.  Thus, "the judge must ask . . . whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id.* at 252.

The court must view the facts and reasonable inferences therefrom "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475

U.S. 574, 587 (1986). However, the opposing party must produce evidence upon which a reasonable fact finder could rely. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986). The mere existence of a "scintilla" of evidence is insufficient to preclude summary judgment. *Anderson*, 477 U.S. at 252.

Hologic argues that GECDF's claim is barred by the doctrine of judicial estoppel because GECDF did not specifically disclose its intent to bring an avoidance action against Hologic in bankruptcy court. GECDF argues in response that its current claim against Hologic is consistent with its position in the bankruptcy proceeding.

Judicial estoppel is an equitable doctrine that prevents intentional self-contradiction by the parties. *Folio v. City of Clarksburg, West Virginia,* 134 F.3d 1211, 1217 (4th Cir. 1997). The doctrine may be invoked when the party to be estopped: 1) advances an assertion that is inconsistent with a position taken during earlier litigation, 2) the position is one of fact not law; 3) the prior position was accepted by the court in the first proceeding and 4) the party to be estopped acted intentionally not inadvertently. *Id.*

Courts have applied judicial estoppel when debtors have failed to disclose potential causes of action in bankruptcy court and then tried to pursue the claims post-bankruptcy. *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corp.,* 337

F.3d 314 (3rd Cir. 2003); *Oneida Motor Freight, Inc. v. United Jersey Bank,* 848 F.2d 414 (3rd Cir. 1988); *In re USInternetworking, Inc. v. General Growth Management,* 310 B.R. 274 (Bankr. D.Md. 2004).  Courts have imposed this doctrine to ensure full disclosure of a debtor's assets to protect creditors and the bankruptcy court.  *In re USInternetworking, Inc.,* 310 B.R. 274.  However, courts have applied judicial estoppel only when debtors failed to make *any* disclosure of a potential cause of action during the bankruptcy proceeding.  *Krystal Cadillac-Oldsmobile GMC Truck, Inc.,* 337 F.3d 314 (claim for violation of the automatic stay omitted from disclosure statement); *Oneida Motor Freight, Inc.* 848 F.2d 414 (claim for breach of contract and misrepresentation omitted from statement of financial affairs); *In re USInternetworking, Inc.,* 310 B.R. 274 (claim for breach of contract omitted from statement of financial affairs or schedules); *In re Bilstat, Inc. v. Family Express,* 314 B.R. 603 (S.D. Tex. 2004)(avoidance actions omitted from statement of financial affairs and disclosure statement); *Rosenshein v. Kleban,* 918 F.Supp. 98 (claims for negligence and indemnification omitted).

GECDF and MedImaging jointly proposed the Plan and disclosure statement.  Def. Motion for Summary Judgment, p. 5. Section VI of the Plan provides that in consideration of the payment of Administrative Expense Claims and all Priority Claims

by GECDF, “all Avoidance Actions and any proceeds thereof... shall be absolutely and unconditionally assigned to GECDF for prosecution and or settlement....” Joint Chapter 11 Plan of Orderly Liquidation for MedImaging Technology, p. 23. GECDF is permitted to “prosecute all avoidance actions for its benefit....” Plan, p. 24. The Plan defines “Avoidance Actions” as any and all avoidance or recovery actions under the bankruptcy code. Plan, p. 6. In the Statement of Financial Affairs filed by the debtors, all potentially avoidable payments were listed, including payments by Hologic of $158,626.33, $167,661.07, $68,739.68 and $621,900.00.

Therefore, GECDF disclosed that debtors possessed potential avoidance actions, listed all the potential defendants, including Hologic, in the Statement of Financial Affairs, and explicitly agreed to pay the administrative expenses and priority claims in return for the right to prosecute the avoidance actions. Accordingly, GECDF’s position in bankruptcy court and its claim against Hologic are not inconsistent, and summary judgment on the grounds of judicial estoppel should be denied.

September 30, 2005
Date

/s/
William D. Quarles, Jr.
United States District Judge